# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     3:25-CR-285
     :
     v.     :     (Judge Mariani)
     :
NICOLE HILSTOLSKY     :     (Filed Under Seal)

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Nicole Hilstolsky ("Mrs. Hilstolsky"), by and through her counsel, Christopher Opiel, Esq., hereby submits this sentencing memorandum in anticipation of sentencing before this Court on March 17, 2026.

## Procedural History & Applicable Sentencing Ranges

Mrs. Hilstolsky appears for sentencing following her waiver of Indictment and guilty plea to Count 1 of the Information being: Count 1 – Theft by a Credit Union Employee in violation of 18 U.S.C. § 657. (Doc. 3, 7).

The PSR calculates Mrs. Hilstolsky's total offense level, prior to the application of a variance, as a **11** with a guideline range of **8 – 14 months**.[1]  (Doc. 11 at ¶ 56).  The PSR indicates that Mrs. Hilstolsky has zero (0) criminal history points and therefore is a criminal history category of **I**.  (Doc. 11 at ¶ 31).  Mrs.

---

[1] The Addendum to the Presentence Report indicates that the Defendant originally objected to Paragraphs 15 and 24 of the PSR; however, the Defendant now withdraws those objections.

Hilstolsky's applicable guideline range is in Zone B of the Sentencing Table. (Doc. 11 at ¶ 56).

Pursuant to USSG § 5C1.1(c)(3) "[i]f the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by . . . a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment".  The PSR and the Second Addendum to the Presentence Report indicate that because Mrs. Hilstolsky was convicted of a Class B felony she is ineligible for probation.  (Doc. 11 at ¶ 60).  The position of the defense is that 18 U.S.C. § 3561(a)(1) and USSG § 5B1.1(b)(1) preclude a **straight** probationary sentence to individuals convicted of a Class B felony.  Therefore, a probationary sentence that includes additional conditions, which are more constricting and more similar to incarceration such as home detention, would be appropriate.

USSG § 5C1.1 is titled "Imposition of a Term of Imprisonment" and subsection (c)(3) provides that the minimum term may be satisfied by "a sentence of probation that includes a condition . . .".  USSG § 5C1.1 does not state that a Class B felony conviction is prohibited from subsection (c)(3).  Whereas USSG § 5B1.1 is titled "Imposition of a Term of Probation", and subsection (b)(1) precludes a Class B felony conviction from "a sentence of probation".  The fact that USSG § 5C1.1 does not include the Class B felony preclusion shows that the

language in 5C1.1(c)(3) stating "a sentence of probation that includes a condition . . ." is more akin to an incarceration sentence and should be viewed differently than just a straight probationary sentence.  It is under the "Imprisonment" section and therefore is a form of imprisonment that is excluded from the straight probation restrictions in USSG § 5B1.1(b)(1) and 18 U.S.C. § 3561(a)(1).

Mrs. Hilstolsky is respectfully asking the Court to sentence her to **a term of probation that includes a condition home detention** at the discretion of the Court.  Such a sentence would be an appropriate sentence in consideration of the specific circumstances of this case as well as the many mitigating factors present in this case pursuant to 18 U.S.C. § 3553(a).

In the alternative, if the Court decides that incarceration is warranted, Mrs. Hilstolsky respectfully requests to be sentenced to one (1) month of imprisonment followed by a term of supervised release at the discretion of the Court, pursuant to USSG § 5C1.1(c)(2).

## **Sentencing Purposes and Factors**

Under <u>Booker</u>, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Booker</u>, 543 U.S. 220, 246 (2005).

3

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2) states that such purposes are:

(a)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b)    to afford adequate deterrence to criminal conduct;

(c)    to protect the public from further crimes of the defendant; and

(d)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, 18 U.S.C. § 3553(a) further directs sentencing courts to consider the following factors:

(1)    "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1));

(2)    "the kinds of sentence available" (§ 3553(a)(3));

(3)    "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6)); and

(4)    "the need to provide restitution to any victims of the offense."  (§ 3553(a)(7)).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is

appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is <u>not</u> an appropriate means of promoting correction and rehabilitation." (<u>Emphasis</u> added).

Under 18 U.S.C. § 3661, "<u>no limitation</u> shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (<u>Emphasis</u> added).

<div align="center"><b><u>Application of the Statutory Sentencing Factors<br>to the Facts of this Case</u></b></div>

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1.    The Nature and Circumstances of the Offense and the
        History and Characteristics of the Offender**

**(A)    Nature and Circumstances of the Offense**

The offense conduct is summarized in paragraphs 3-13 of the PSR. Mrs. Hilstolsky voluntarily and truthfully admitted to her wrongdoing and her criminal conduct to FBI agents prior to being charged in this case.  Mrs. Hilstolsky completely confessed to all criminal activity she engaged in and she "came clean" to all law enforcement agents and her own family members about the situation.

After confessing in October 2025, Mrs. Hilstolsky immediately sought to waive indictment and pursue a guilty plea.

While Mrs. Hilstolsky recognizes that it is not an excuse for her conduct, Mrs. Hilstolsky admits that she suffered from a gambling addiction since approximately 2018.  Immediately after confessing to this criminal conduct, Mrs. Hilstolsky admitted to her family members that she has a gambling addiction and Mrs. Hilstolsky voluntarily sought treatment and counseling with Dr. Stephen Timcheck that began in November 2025.

### (B)    History and Characteristics of the Defendant

Mrs. Hilstolsky's personal characteristics are generally described in the PSR in paragraphs 32-54.  Mrs. Hilstolsky is 48 years old, and she is a loving mother, wife, daughter, sister, and friend to many people in her life.  Despite being raised in a hectic lifestyle and living through several traumatic events early in her life, Mrs. Hilstolsky grew up to be an extremely caring and compassionate individual. Mrs. Hilstolsky has no prior criminal record, and she has maintained full-time employment as well as constantly volunteered to help others throughout her life. She is married to her supportive husband who is a disabled veteran and they are both raising their 12-year-old son together.

Several individuals wrote very compelling character letters on behalf of Mrs. Hilstolsky that are collectively attached to as "**Exhibit A**".  These letters truly

establish that Mrs. Hilstolsky is valued and trusted by all individuals in all aspects of her life, and that she has the support to ensure the Court that she will not commit another crime.

Mrs. Hilstolsky's current employer, Hursh Patel, at Vally Petroleum stated Mrs. Hilstolsky is "dependable, honest, and conscientious".  Mr. Patel acknowledged that Mrs. Hilstolsky "has a prior theft-related offense involving a former employer" and regardless of that, Mr. Patel stated his "professional assessment of her character and trustworthiness has remained unchanged."  Mr. Patel further stated:

> Our company relies heavily on Ms. Hilstolsky to perform many essential daily and monthly tasks. Losing her services, even temporarily, would negatively impact our day-to-day operations. Our back-office staff is limited, and we depend on Ms. Hilstolsky's extensive knowledge, reliability, and strong work ethic to maintain continuity and efficiency. She is an indispensable member of our team.

It is undeniable that Mrs. Hilstolsky has tremendous character for her current employer to not flinch whatsoever when he learned about the underlying charges in this case.

Mrs. Hilstolsky also received a character letter written by Army Retired Staff Sergeant, Charles A. Pavlick.  Mr. Pavlick describes the various volunteer roles Mrs. Hilstolsky plays in organizing and running many events to support

veterans and their families. Mr. Pavlick explained that Mrs. Hilstolsky is the President of the Auxiliary at the VFW Anthracite Post 283.  Mr. Pavlick further stated:

> Even after her conviction of Theft from a credit union by an employee, Nicole continues to be passionate about our veterans and her community. She expressed her concerns and remorse for her actions by suggesting she limit her role, knowing her bad choice could leave a black mark within our organization. While shocked to hear of her crime, [t]he board members and I declined her resignation request as we value her contributions more in our focus of supporting our veterans and the community.

This is captivating that Mrs. Hilstolsky has such a strong character that the board members at the VFW declined Mrs. Hilstolsky's resignation after she informed them of the underlying case.  Mr. Pavlick states that Mrs. Hilstolsky "is always willing to help and continues to go above and beyond whenever called upon by [himself], family and the community."

Mrs. Hilstolsky also received highly persuasive character letters from her neighbor, Cathy Booth, and from her friend, Laura Kirkpatrick.  These letters support Mrs. Hilstolsky's position that she had a major lapse in judgment when she committed the underlying offense, and the letters further establish that her criminal actions were significantly out of character for Mrs. Hilstolsky.

Mrs. Hilstolsky has personally learned her lesson due to her significant embarrassment of having to admit to her loved ones that she engaged in this

criminal conduct.  Nonetheless, Mrs. Hilstolsky has taken all the right steps to assure that she does not commit another crime.  Mrs. Hilstolsky is actively engaging in treatment sessions with Dr. Stephen Timchack to work on her gambling addiction.  Dr. Timchack drafted a letter for the Court attached hereto as "**Exhibit B**".  Significantly, Dr. Timchack wrote:

> Mrs. Hilstolsky has demonstrated significant insight into her behavioral addiction and has shown consistent personal growth throughout her treatment. She expresses considerable remorse regarding her legal situation and the impact her gambling behavior has had on family and friends. Her demeanor in sessions has been cooperative, respectful, and pleasant.

Mrs. Hilstolsky is determined to overcome her gambling addiction and enjoy the rest of her life with her family.

    2.    **The Need for the Sentence Imposed to Promote Certain Statutory Objectives:**

    **(A)    to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;**

A sentence of home detention that the Court deems appropriate would reflect the seriousness of Mrs. Hilstolsky's criminal conduct, promote respect for the law, and provide just punishment given the circumstances of this case.  Mrs. Hilstolsky has a deep respect for the law which is shown by her confession to law enforcement before even being charged in this case.  Also, Mrs. Hilstolsky immediately sought counsel to pursue a guilty plea in this case.

**(B)**    **to afford adequate deterrence to criminal conduct;**

The example of a gambling addict finding themselves up against the full weight of the federal government and being subject to severe sentencing exposure should sufficiently deter most individuals from committing such a crime.  Mrs. Hilstolsky is a hard-working and well-respected individual.  Just the fact that she was publicly charged with this crime is significant deterrence to similarly situated individuals.

**(C)**    **to protect the public from further crimes of the defendant**;

Mrs. Hilstolsky has demonstrated since confessing to this criminal conduct that she is ready to be a productive member of society and overcome her gambling addiction.

**(D)**    **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Home detention at the discretion of the court is sufficient time to provide the Defendant with adequate treatment and training.  Mrs. Hilstolsky has already voluntarily taken steps towards treatment by actively engaging in treatment with Dr. Timchack.

**3.    The Kinds of Sentences Available**

**(A)    The Sentencing Range Established by the Sentencing Commission**

USSG § 5C1.1(c) states:

> If the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by—
>
> (1)    a sentence of imprisonment; or
>
> (2)    a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or
>
> (3)    a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

The PSR does not include subsection (c)(3) in its guideline provision commentary in Paragraph 56.  The Probation Officer indicates that since Mrs. Hilstolsky was convicted of a Class B felony she is not eligible for probation pursuant to USSG § 5B1.1 and 18 U.S.C. § 3561(a)(1).  As is discussed previously in this memorandum, it is the position of the defense that the provisions of USSG § 5B1.1 and 18 U.S.C. § 3561(a)(1) only prohibit Class B felony convictions from a **straight** probationary sentence.  USSG § 5C1.1 calculates the defendant's term of imprisonment, and USSG § 5C1.1(c)(3) adds conditions to "a sentence of probation" which additional conditions therefore make this type of sentence a form of imprisonment and not a straight probationary sentence.

11

### 4.    The Need to Avoid Unwarranted Disparities

Mrs. Hilstolsky's sentence of home detention for a length of time at the discretion of the Court would not create an unwarranted disparity as compared to similarly situated defendants. The Government's Sentencing Memorandum states that over the past five (5) fiscal years, 52% of similarly situated defendants received non-incarceration sentences. Therefore, over half of the other similarly situated defendants did not receive an incarceration sentence, and a sentence of home detention would be more than appropriate.

### 5.    The Need to Provide Restitution to Any Victims of the Offense

Mrs. Hilstolsky's family member is willing to pay the full restitution owed on behalf of Mrs. Hilstolsky immediately.

### Conclusion

Mrs. Hilstolsky is respectfully asking the Court to sentence her to **a term of probation that includes a condition home detention** at the discretion of the Court. Such a sentence would be an appropriate sentence in consideration of the specific circumstances of this case as well as the many mitigating factors present in this case pursuant to 18 U.S.C. § 3553(a). This sentence is the most judicially efficient and effective resolution to this case in consideration of all the factors involved. It would be counterproductive to the integrity of the judicial system in the United States to require Mrs. Hilstolsky to report to prison after she has not

12

engaged in any further criminal conduct for several years, she is actively employed, and she is participating in treatment with Dr. Timchack.

In the alternative, if the Court decides that incarceration is warranted, Mrs. Hilstolsky respectfully requests to be sentenced to one (1) month of imprisonment followed by a term of supervised release at the discretion of the Court, pursuant to USSG § 5C1.1(c)(2).  (See Doc. 11 at ¶ 56).

<div style="margin-left:40%">

Respectfully submitted,

</div>

Date:  March 10, 2026                         /s/ Christopher Opiel
                                              **Christopher Opiel, Esq.**
                                              **CJA Appointed Counsel**
                                              **Attorney ID# PA318776**

<div style="margin-left:40%">

Opiel Law
88 North Franklin Street
Wilkes-Barre, Pennsylvania 18701
(570) 762-9992 (Office)
(570) 417-1436 (Cell)
(570) 825-6675 (Fax)
Email: cropiel@opiellaw.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Opiel, CJA appointed counsel, do hereby certify that this document, the foregoing **Defendant's Sentencing Memorandum**, was sent to the following individuals via email:

James M. Buchanan, Esquire
Assistant United States Attorney

Rebecca L. Filocco
Senior United States Probation Officer

Date:  March 10, 2026                  /s/ Christopher Opiel
                                       **Christopher Opiel, Esq.**
                                       **CJA Appointed Counsel**

# <u>EXHIBIT A</u>



Where Value Never Runs Out

Date: January 14, 2026

The Honorable Judge Robert D. Mariani
United States District Court
Middle District of Pennsylvania

Regarding: U.S. vs Nicole Hilstolsky

Honorable Judge Mariani,

I am writing this letter as a character reference for Ms. Nicole Hilstolsky, whom I have employed at Valley Petroleum for over three years.

During this time, I have found Ms. Hilstolsky to be a dependable, honest, and conscientious individual. She has demonstrated good judgment, accountability, and professionalism in her work and in her interactions with others. Ms. Hilstolsky has been trusted with sensitive responsibilities and has handled those duties without issue during her employment. She takes her obligations seriously, is reliable, and follows through on what is expected of her.

Ms. Hilstolsky treats coworkers, clients, and management appropriately, communicates effectively, and remains calm and composed in challenging situations. She is a valued and trusted member of our organization. Ms. Hilstolsky is dedicated to her work and demonstrates flexibility and initiative when needed. She willingly puts in additional time to ensure responsibilities are completed properly and balances her professional and personal obligations responsibly.

I am aware that Ms. Hilstolsky has a prior theft-related offense involving a former employer, which was directly disclosed to me by Ms. Hilstolsky herself. With that knowledge, my professional assessment of her character and trustworthiness has remained unchanged.

Our company relies heavily on Ms. Hilstolsky to perform many essential daily and monthly tasks. Losing her services, even temporarily, would negatively impact our day-to-day operations. Our back-office staff is limited, and we depend on Ms. Hilstolsky's extensive knowledge, reliability, and strong work ethic to maintain continuity and efficiency. She is an indispensable member of our team.

If the Court requires any additional information, please feel free to contact me.

Respectfully,

Hursh Patel
Managing Member
hursh@valleypetroleum.net
Valley Petroleum

1815 Mountain Rd
Larksville, PA 18651
(570) 709-1094
sgtpav@yahoo.com


The Honorable Judge Mariani,

My name is Charles A. Pavlick, Staff Sergeant retired from the Army with 22 years of service.  I am also a Corrections Officer retiree of 25 years from SCI-Dallas. I have served as various officers to the VFW Anthracite Post 283 since 2009 including Senior Vice Commander, Quartermaster and have been the current Commander for the past three years.  It is here I met Nicole, who has served as our President of the Auxiliary for the past 15 years.

Nicole served as the Family Readiness Group President of my unit for 2 years and received the Exceptional Volunteer Award in 2014. She helped coordinate many projects including the Yellow Ribbon ceremony for our homecoming from Kuwait in 2013.  She helped educate our soldiers on military programs available to them and their families.  As well as setting up Christmas parties and family fun days for both the FRG and the VFW.  During her tenure as the VFW Auxiliary president, our post received various accommodations almost every year for completing the program goals set by the national Auxiliary chapter.  Outside her role as president, Nicole has been a continuous person I rely on to help with post events like dignitary breakfasts for veterans, bi-annual Bingos and hosting weekly trivia nights to help raise money and increase membership for the post.  She also volunteers her time to help with accounting services, fundraising, marketing and training of our employees.

Even after her conviction of Theft from a credit union by an employee, Nicole continues to be passionate about our veterans and her community.  She expressed her concerns and remorse for her actions by suggesting she limit her role, knowing her bad choice could leave a black mark within our organization.  While shocked to hear of her crime, The board members and I declined her resignation request as we value her contributions more in our focus of supporting our veterans and the community.  Not only does Nicole help me tremendously, but she is also the primary care giver of her young son.  In addition, she supports her VA disabled husband of 13 years, who suffered a traumatic brain injury during military training.  This injury will continue to have side effects for the rest of his life.

I believe Nicole is a compassionate and upstanding member of our community, despite this one bad decision.  I would say she will always be a selfless person and consider her to be my sister. She is always willing to help and continues to go above and beyond whenever called upon by myself, family and the community.

I want to thank you for considering this letter and my feelings towards Nicole Hilstolsky and hope I have shown her in the positive light that I see in her every day.

With Respect,

Charles A. Pavlick

Catherine Booth
21 Oliver Street
Swoyersville, PA 18704

1/13/2026

The Honorable Judge Robert D. Mariani
United States District Court
Middle District of Pennsylvania

Regarding: U.S. vs Nicole Hilstolsky 3-25-CR-285

Dear Honorable Judge Mariani,

My name is Cathy Booth, and Nicole Hilstolsky has been my neighbor for approximately fifteen years. During that time, she has been a considerate, dependable, and compassionate friend. I am grateful to live by her and am honored to provide this character reference on her behalf.

I was deeply saddened when Nicole shared with me the circumstances surrounding her criminal misconduct. During the many years I have known her as a neighbor and friend, I have always regarded her as a good citizen and a person of strong moral character, which makes this conduct uncharacteristic of the person I know. While I was surprised to learn of her theft at the W.O.D. Credit Union, I was not surprised that she accepted full responsibility and expressed sincere remorse. I respect Nicole greatly for holding herself accountable and seeking to make amends, and she has demonstrated a genuine commitment to change by pursuing therapy for her gambling addiction and renewing her relationship with God for guidance and strength.

Nicole has consistently shown care and concern for my family. When she first moved into the neighborhood, my elderly mother lived with us. I recall a time when a transformer blew during the height of summer, leaving our entire street without power. Nicole's first instinct was to come to my house to check on my mother. Despite being a new mother herself, she brought her infant son with her and stayed with my mom to ensure she was safe and comfortable until we were able to return home. That moment perfectly reflects who Nicole is—thoughtful, responsible, and genuinely caring toward others.

On multiple occasions, Nicole also volunteered at the nursing home where I worked, generously giving her time to entertain residents and brighten their days. Nicole continues to look out for my husband and me. We are both retired, and she is always willing to help when needed. Most recently, when my husband slipped and fell, Nicole immediately came to our home after seeing the ambulance. She took me to the hospital and stayed with us until he was released. Her compassion and sense of duty were deeply moving.

Nicole is also a devoted mother. Her son, who is a "Momma's Boy" to his core, is a polite and empathetic kid—a true reflection of the loving values she has instilled in him. Her son depends greatly on her presence and support. He is currently struggling academically, and I firmly believe that her absence, even for a short time, would have a significant negative impact on him. I know that Nicole and her family will face challenges because of her mistake, but I firmly believe she has learned a profound lesson and is committed to living within the rules and restoring trust.

Your Honor, based on my long-standing relationship with Nicole and my firsthand knowledge of her character, I respectfully ask that you consider these observations as you determine an appropriate sentence. Nicole Hilstolsky is a good woman who has made a serious mistake, accepted responsibility, and taken meaningful steps toward rehabilitation.

Respectfully,

Catherine Booth

Laura Kirkpatrick
88 Virginia Terrace
Forty Fort, PA 18704
January 21, 2026

Dear Honorable Judge Robert D. Mariani,

My name is Laura Kirkpatrick, and I am writing this letter in support of Nicole Hilstolsky, a close friend whom I've known for 11 years. I have always known Nicole to be dependable, supportive, and compassionate.

I was completely shocked when Nicole came to me and told me about her situation. She took full responsibility and made no excuses for her actions. She is sincerely remorseful and wants nothing more than to make amends. She has begun therapy to assist her with her gambling addiction. I know in my heart Nicole had to feel like she had no other option at that time. She is a person of strong morals. This is not indicative of her true character.

Nicole has always been a person of integrity and compassion. She has been there to show support during some of the most difficult times. It's nothing for her to drop what she's doing to help a friend or family member in need. I have experienced this firsthand as she was my biggest support when going through my divorce. I was devastated and questioning so much. Nicole would listen and offer advice without judgement. There were countless nights she would forgo sleep to make sure I was okay.

Nicole is the President of the VFW Post 283 Auxiliary and has volunteered countless hours of her time both organizing and volunteering at various events and fundraisers including but not limited to an annual Veteran's Day breakfast, Christmas parties for children, and bingos. She never hesitates when it comes to helping others.

Your honor, thank you for taking the time to review my perspective. Nicole made a serious mistake, but that does not define the person she is. I ask that you consider my observations when reviewing this case and making your determination.

Respectfully,

Laura Kirkpatrick

# **<u>EXHIBIT B</u>**

# Stephen M. Timchack, PsyD, ABPP
## Clinical and Forensic Psychology

PA License # PS016722

480 Pierce Street, Suite 119
Kingston, PA 18704
Phone: 570-714-1981
Fax: 570-714-1983

March 10, 2026

Christopher Opiel, Esq.
88 North Franklin Street
Wilkes Barre, PA 18702

**Re: Nicole Hilstolsky**
**DOB: 10/28/1977**

Dear Attorney Opiel,

Pursuant to your request and with the authorization of Mrs. Nicole Hilstolsky, I am providing a summary of her individual psychotherapy treatment as it pertains to her current legal circumstances. Mrs. Hilstolsky was initially evaluated on November 18, 2025, for participation in individual psychotherapy with the undersigned. Mrs. Hilstolsky's most recent session occurred on February 26, 2026, and she is scheduled to continue treatment, with her next appointment set for March 16, 2026. To date, Mrs. Hilstolsky has attended and participated in five individual psychotherapy sessions with the undersigned.

Diagnostic Summary:
Mrs. Hilstolsky meets the DSM-5 diagnostic criteria for Gambling Disorder (Pathological Gambling), specifically as follows:
Persistent and recurrent problematic gambling behavior as indicated by:
Preoccupation with gambling activities
Repeated unsuccessful efforts to control, cut back, or stop gambling
Gambling when distressed or anxious
Jeopardizing relationships and financial security due to gambling
Reliance on others to relieve financial distress caused by gambling

Treatment Progress:
Mrs. Hilstolsky has demonstrated significant insight into her behavioral addiction and has shown consistent personal growth throughout her treatment. She expresses considerable remorse regarding her legal situation and the impact her gambling behavior has had on family and friends. Her demeanor in sessions has been cooperative, respectful, and pleasant.
Treatment has included psychoeducational strategies tailored to address pathological gambling in accordance with best practices recognized in the Commonwealth of Pennsylvania. These strategies have included: Education on the nature of gambling addiction, including differentiation between games of chance and games of skill, review of cognitive distortions associated with gambling (e.g., "near miss" phenomenon, illusion of control), development of impulse regulation skills, identification and avoidance of high-risk situations for relapse (e.g., exclusion from Pennsylvania casinos, monitoring use of online gambling applications) and encouragement of alternative coping mechanisms. for managing anxiety and depressive symptoms.

National Register of Health Service Providers In Psychology # 52618
Board Certified Behavior Analyst-Doctoral #1-01-0675
Diplomate, Academy of Cognitive Therapy #00821
Diplomate, American Board of Professional Psychology #7186

Hilstolsky, Nicole page 2 of 2

Mrs. Hilstolsky has voluntarily enrolled in the Pennsylvania Self-Exclusion Program, permanently excluding herself from all Commonwealth casinos. She is vigilant regarding potential relapse triggers, particularly online gambling platforms. Mrs. Hilstolsky's prognosis is favorable based on her consistent engagement in treatment, demonstrated insight, and commitment to behavioral change. She continues to experience anxiety and depressive symptoms. related to the consequences of her gambling, but these are addressed in ongoing psychotherapy. I will continue to provide clinical support and monitor her progress. Should further information be required, please contact my office.

Sincerely,

Stephen M. Timchack, PsyD, ABPP
Licensed Psychologist
Board Certified in Clinical Psychology