UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:25-CR-285 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| NICOLE HILSTOLSKY, | : | |

Defendant.

## GOVERNMENT'S AMENDED SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through its attorneys, Brian D. Miller, United States Attorney for the Middle District of Pennsylvania, and James M. Buchanan, Assistant United States Attorney, and files this Amended Sentencing Memorandum regarding the defendant's March 17, 2026, Sentencing Hearing. (Doc. 10). This amended Memorandum corrects a factual error in the Government's first Sentencing Memorandum, namely that the defendant misappropriated $5,000 of credit union funds from W.O.D. Credit Union, not U.F.C.W. Credit Union. *See* PSR, ¶11.

## I. INTRODUCTION

Pursuant to her guilty plea, the defendant stands convicted of Count 1 of the felony Information, Theft by a Credit Union Employee, in violation of Title 18, United States Code, Section 657, and is awaiting

her sentencing hearing.  The defendant is appropriately categorized by the Presentence Report ("PSR"), as having a Criminal History Category of I and is subject to guidelines range of 8- and 14-months' imprisonment. (PSR, ¶ 56).

## II.  HISTORY

On December 5, 2025, the defendant pled guilty to Count 1 of the felony Information, pursuant to a written plea agreement. (Doc. 3).

In the Plea Agreement both parties agreed to the below provisions:

"With Respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: "Pursuant to U.S.S.G. §2B1.1(a)(1), the defendant's Base Offense Level is 7. Pursuant to U.S.S.G. §2B1.1(b)(1), there is a 4-level enhancement because the loss amount attributable to the defendant's offense and relevant conduct is between $15,000 and $40,000.  Pursuant to U.S.S.G. §3B1.3, there is a 2-level enhancement because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.  Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct."
(PSR, ¶11).

The Parties further agreed that the Defendant pay full restitution in the amount of $22,197. (Doc. 3, ¶16, PSR ¶2).

On March 3, 2025, the U.S. Probation Office completed the Pre-sentence Report ("PSR.") (Doc. 11). The PSR found that the defendant's total offense level was 11 and that she had a Criminal History Category of I, resulting in a guidelines imprisonment range of 8 to 14 months. (PSR, ¶56).

Based upon the nature and circumstances of these offenses, the characteristics of the defendant, and the other factors listed in 18 U.S.C. §3553(a), discussed below, the Government would recommend a sentence of within the above-described guidelines range.

## III.   ARGUMENT

Proper sentencing procedure follows an expedited two-step process. First, the district court must make a determination of the sentencing guideline range. *Gall v. United States*, 552 U.S. 38, 50 (2007); *Peugh v. United States*, --- U.S. ---, 133 S. Ct. 2072, 2084 (2013); *United States v. Boney*, 769 F.3d 153, 159 (3d Cir. 2014). Second, the court must resolve any requested departures from the sentencing

guidelines.[1] *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Finally, the sentencing judge is required to fashion a sentence after making an individualized assessment of the defendant and considering all 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

### A.    Step One – Sentencing Guidelines

The Defendant raised one substantive objection to the PSR, namely the inclusion of a 2-level enhancement for obstruction pursuant to U.S.S.G. §3C1.1.  At the time of this filing, and due to conversations with defense counsel, the Government believes that objection will be withdrawn at the Sentencing Hearing.

### B.    Step Two - 18 U.S.C. § 3553(a) Factors.

The second step in the simplified sentencing process is the balancing of the §3553(a) factors.  During this stage, the District Court is required to not only balance these factors but to create a sufficient record for an appeals court to have confidence that it has considered these

---

[1] Amendment 836 of the 2025 Edition of the Sentencing Guidelines has simplified this process and removed this second step, however precedential case law has not yet reflected such a change.

factors. *United States v. Tomko*, 562 F.3d 558, 567d (3d Cir. 2009). While the record does not have to address every possible argument, "a colorable argument about the applicability of one of the § 3553(a) factors" should be addressed. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

1. <u>Nature and circumstances of the offense.</u>

The defendant's offense conduct involves a gross betrayal of trust. The defendant was one of only a handful of employees at the WOD Federal Credit Union in Forty Fort, Pennsylvania, in the fall of 2018, when she used her position to steal $16,247 in cash deposited within the credit union for her own benefit.[2]

The defendant not only stole that money, but concocted, and then carried out, a deliberate ruse which mislead local, state, and federal law enforcement officers for nearly seven years.  The defendant claimed two masked and armed men robbed her at gun point.  She also claimed that these fictitious robbers stole the Credit Union's security camera system.

None of that happened. The defendant emptied out the Credit Union of cash, she ripped out the security camera, and she hid those

---

[2] The defendant further misappropriated a further $5,000 from WOD Federal Credit Union prior to this theft.

items while lying to the police and FBI.  Due to her lies, the investigators spent time searching for dangerous, armed criminals, who did not, in fact, exist.  The defendant used the stolen money to pay off debts, among other personal expenses.

After the WOD Credit Union closed, the defendant continued to steal from her next employer, U.F.C.W. Credit Union in Wyoming, Pennsylvania.  (PSR, 7-8, 11). When she was caught misappropriating $950 from this credit union, the defendant paid back that money, resigned, and blamed the theft on her husband's gambling problem.

In the Government's Original Sentencing Memorandum, the $5,000 of funds was wrongly attributed to U.F.C.W. Credit Union. These funds were misappropriated by the defendant from WOD Federal Credit Union prior to the theft October 15, 2018, not from U.F.C.W. Credit Union after the 2018 theft, as was described in the Government's original Memorandum.

### 2. History and characteristics of the defendant.

This is the defendant's first arrest. According to the PSR, the defendant suffered from a gambling addiction beginning in 2018.

The defendant will be making full restitution on or near the day of sentencing.

### 3. The need for the sentence imposed.

The serious criminal conduct reflected in the PSR's offense and relevant conduct shows that a term of imprisonment is needed to deter the defendant and others. The defendant waited nearly 7 years to finally come clean regarding her crimes. That was only after she resigned from another job for again misappropriating funds.

A sentence without imprisonment, after stealing from multiple credit unions, lying to the police and FBI, and then merely re-paying what was previously stolen, would not only fail to deter other bad actors contemplating similar crimes, but would potentially incentivize them to steal from their employers if their need for quick access to money was great enough.

A sentence within the guidelines range would clearly demonstrate to those other bad actors that such thefts will not be tolerated.

7

### 4. <u>Avoiding an unwarranted disparity.</u>

A sentence within the appropriately calculated guidelines range would not create an unwarranted disparity to similarly situated defendants from across the country.[3]

## IV.  CONCLUSION

For the reasons identified above, the Government requests that the Court sentence the defendant to a term of imprisonment within the correctly calculated guidelines range of 8 to 14 months.

Dated: January 5, 2025                    Respectfully submitted,

BRIAN D. MILLER
United States Attorney

<u>/s/ James M. Buchanan</u>
James M. Buchanan
Assistant U.S. Attorney
PA 330012
235 N. Washington Ave., Suite 310
Scranton, PA 18503
Tel: (570) 348-2800
James.buchanan@usdoj.gov

---

[3] According to the United States Sentencing Guidelines Commission Judiciary Sentencing Information (JSIN), in the past five fiscal years (2020-2024), there were 493 defendants with a Final Offense Level of 11 and a Criminal History of I, whose primary U.S.S.G. Guideline was calculated under §2B1.1.  Of those defendants, 48% received sentences which included imprisonment and 52% received probation or fine only sentences. The Average length of imprisonment was 5 months, and the median term of imprisonment was 1 month.  The JSIN data does not include which of the 493 defendants, if any, received enhancements for obstruction or abuse of public trust, as the defendant has.  U.S.S.G. §2B1.1 also covers a wide range of fraud crimes, not only 18 U.S.C. §657.

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:25-CR-285 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| NICOLE HILSTOLSKY, | : | (Filed Under Seal) |

     Defendant.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 16, 2026, she served a copy of the attached:

### GOVERNMENT'S SENTENCING MEMORANDUM

by ECF on the following:
Christopher R. Opiel, Esquire
Counsel for Defendant

       /s/ Stephanie Kakareka
       Stephanie Kakareka
       Legal Administrative Specialist

9